(85 App. Div. 507.)

PEOPLE ex rel. GRESS v. HILLIARD, Special Deputy Com'r, et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. INTOXICATING LIQUORS—EXCISE TAX AMOUNT.

Laws 1903, c. 115, § 11, subd. 1, amending the liquor tax law, provides for dividing excise taxes upon the business of trafficking in liquors into different grades, and provides that if the place where the business is carried on is any city or borough having by the last census a population of 1,500,000 or more the tax shall be $1,200; if in a city or borough having population of less than 1,500,000, but more than 500,000, the sum of $975; if in a city having a population of less than 500,000, but more than 50,000, $750. Subdivision 7 provides that the excise tax assessed under the act in cities containing a population of 1,500,000 or more, formed by the consolidation of territory in one or more counties, shall be assessed in the several boroughs or portions of the territory so consolidated at an advance of one-half in the rate over the amount at which taxes were assessed on the 31st day of December, 1902. Relator applied for a liquor tax certificate in a borough having a population of between 50,000 and 500,000, but composing a part of the city of Greater New York, having a population of more than 1,500,000. *Held*, that he was liable to an excise tax of one-half more than the rate assessed on the 31st day of December, 1902, and not liable merely to a tax of $750, according to the literal provision of subdivision 1, the word "borough" in that subdivision having been inadvertently used.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Certiorari by the people, on relation of George A. Gress, against George Hilliard, as special deputy commissioner of excises, and others, to review the action of respondent relative to the issuance of a liquor tax certificate to relator. From an order dismissing the writ (83 N. Y. Supp. 21), relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Frederic E. Perham, for appellant.
H. H. Kellogg, for respondents.

HATCH, J. The point presented upon this appeal involves the construction of conflicting provisions of the same statute relating to the same subject. It is idle to attempt to harmonize the respective provisions. Chapter 115, Laws 1903, is an amendment of the liquor tax law in relation to excise taxation. Section 11, subd. 1, so far as important to the present question, provides for dividing excise taxes.

upon the business of trafficking in liquors into six grades, to be assessed as follows:

"Upon the business of trafficking in liquors to be drunk upon the premises where sold, or which are so drunk, whether in a hotel, restaurant, saloon, store, shop, booth or other place, or in any out-building, yard or garden appertaining thereto or connected therewith, there is assessed an excise tax to be paid by every corporation, association, copartnership or person engaged in such traffic, and for each such place where such traffic is carried on by such corporation, association, copartnership or person if the same be in a city or borough having by the last state census a population of 1,500,000, or more, the sum of $1,200; if in a city or borough having by said census a population of less than 1,500,000, but more than 500,000, the sum of $975; if in a city or borough having by said census a population of less than 500,-000, but more than 50,000, the sum of $750."

The relator's place of business is located in the borough of the Bronx, in that portion which constitutes a part of the First Judicial District, and by the last state census the population of such borough was between 50,000 and 500,000, and by the United States census of 1900, 175,422. By the term, therefore, of the above enactment the relator is entitled to a license upon compliance with the law authorizing its issuance, upon the payment of $750, and the giving of a bond in double that amount, as the population in that locality is less than 500,000 and more than 50,000. This result is produced by reason of the fact that the civil division of the city of New York is made into boroughs, and the borough of the Bronx, where the relator's business is to be carried on, is within the civil division described in the act, and is within the terms of the act which fixes the license fee at $750. If the literal language, therefore, of this subdivision is held to govern, then the relator is clearly right in his contention, and entitled to a license upon payment of $750.

Subdivision 7 of section 11 provides for a determination of population by which shall be measured the payment of a license fee in the locality where the license is authorized to issue. So far as material to the present question, it provides:

"The excise taxes assessed under this act in cities containing a population of 1,500,000 or more, which are or shall be formed by the consolidation of territory situate in one or more counties, shall be assessed in the several boroughs or portions of the territory so consolidated to form such city at an advance of one-half in the rate over the amount at which such taxes were assessed on the 31st day of December, 1902, in the several portions of the territory so consolidated."

This language also embraces the locality where the relator's place of business is situated, and where he proposes to engage in the liquor traffic under his license. It is conceded that under the law as it existed prior to the amendment of 1903 the license tax assessed in the borough of the Bronx, where the relator purposes to carry on the business, was the sum of $800. Manifestly, if this be so, the intention of the Legislature to advance the rate of assessment one-half over the amount at which such taxes were assessed in 1902 is defeated, if the relator is now entitled to receive a license upon the payment of a tax of $750, as its effect is to reduce the amount formerly paid, instead of advancing it 50 per cent.

The rule of law governing the interpretation of statutes is familiar and has been many times stated. As said by Judge Earl in People

ex rel. Twenty-Third Street Ry. Co. v. The Commissioners of Taxes, etc., 95 N. Y. 554:

"It is the object of all interpretation and construction of statutes to ascertain the intention of the lawmakers, and this is generally accomplished by a literal reading of the words used. But there are many cases where the words do not express that intention perfectly, but exceed it or fall short of it, and then it is allowable to adopt what writers upon the civil law sometimes call a rational interpretation, and to collect the intention from rational or probable conjecture only. It is also a rule sometimes laid down by text-writers that whenever it happens that the sense of the law, how clear soever it may appear in the words, would lead to false consequences and unjust decisions, the palpable injustice which would follow from its literal sense compels an effort to discover some kind of interpretation, not what the law literally says, but what it means."

The intent of the Legislature is the object of all construction, and inconsistencies in the statutes are to be harmonized, even though words be disregarded, and their literal or usual meaning be ignored, if thereby the intent can be arrived at. Matter of New York and Brooklyn Bridge, 72 N. Y. 527. It is permissible under such circumstances to take into consideration the purpose which the statute sought to accomplish, and to consider the enactment in its entirety and in connection with contemporaneous events leading to its passage.

The purpose of this act is clear. It intended to amend the law by increasing the revenue to be derived from this system of taxation 50 per cent. beyond that which was assessed and paid under the terms of the statute existing prior thereto, and to make its provisions applicable throughout the entire state. Such is the express declaration of the provision of the last-quoted subdivision, and elsewhere in the statute, as well in specific as in general terms regulating such subject, and made applicable to all portions of the state, such scheme is carried out in its terms and provisions. A construction, therefore, which excepts a particular locality from the general purpose of the act, and which is accomplished in all other parts of the state, ought not to obtain, unless the language used will permit of no other construction. It is evident that so to do would defeat the purpose and intent of the lawmakers. A declaration which states an intention upon the part of the Legislature to advance the tax assessed 50 per cent. is certainly inconsistent with a construction of the statute which reduces the tax assessed below that which was levied under the statute to which the amendment applies. Such a construction is absurd in the face of such an intent, and an absurd consequence in construction is always to be avoided. Commonwealth v. Kimball, 24 Pick. 370. The intent of the Legislature being plain to increase the tax, the language of particular provisions is to be read in subordination to such intention. Such construction is authorized by the intent and purpose of the act, and the word "borough" as used in the first-quoted clause is to be regarded as inadvertent. Such rule of construction is authorized. Blaschko v. Wurster, 156 N. Y. 437, 51 N. E. 303; Hayden v. Pierce, 144 N. Y. 512, 39 N. E. 638; People ex rel. Jackson v. Potter, 47 N. Y. 375. If the significance should be given to the use of the word "borough" which is contended for by the relator, its necessary result would be to arbitrarily raise the tax

paid in the boroughs of Queens and Richmond. The tax therein is measured by population, which is the primary basis of measurement in assessing the tax throughout the state. In those boroughs the population is comparatively sparse, and the tax assessed is based thereon. If it be assessed at the fixed sum of $750, it is an advance greater than 50 per centum, and would doubtless drive the persons engaged in business in such localities to abandon the same. Evidently the Legislature did not contemplate such a result. On the contrary, it graduated the tax upon population, and, measured thereby, it increased the same in all localities 50 per cent. Such is the plain purpose of the act, when its history and provisions are considered. The intent of the Legislature, therefore, is not to be defeated by inadverent use of words which can have no application save to a specific locality, and where to apply it in that locality instead of increasing the tax reduces it. It follows that the decision appealed from is correct.

The order dismissing the writ should therefore be affirmed, with $50 costs and disbursements.

PATTERSON, INGRAHAM, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., dissents.