In re AHLERS.

(Supreme Court, Special Term, Kings County.   October 10, 1910.)

1. INTOXICATING LIQUORS (§ 91*)—EXCISE TAX—CONSTRUCTION OF STATUTE.

Laws 1896, c. 112, § 11, provided for a tax on the sale of liquor, to be drunk on the premises, graded according to the population of the city, and provided that, when the population was not shown by the last state census, it should be determined by the last United States census, and, if not so shown, that the State Commissioner of Excise was directed to cause an enumeration of the inhabitants to be taken.   Liquor Tax Law (Laws 1909, c. 39 [Consol. Laws, c. 34]) § 8, fixes the tax according to the last state census, while under subdivision 8 the enumeration, if not shown by the latest state census, is to be determined by the latest United States census, or by the enumeration made by the State Commissioner.   Laws 1900, c. 367, § 1, amending Laws 1897, c. 312, § 11, subd. 7, which had been Laws 1896, c. 112, § 11, subd. 4, provides that the amount of excise tax shall remain in every place the same as assessed for 1899, until changed by an enumeration authorized by the State Commissioner of Excise, or by an increase or decrease of population shown by a subsequent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

state or United States census, and such provision is continued in Laws 1909, c. 39 (Consol. Laws, c. 34) § 8, subd. 8. *Held*, that under such amendment, in view of the provision of previous laws, the last United States census is to regulate the tax only in the absence of an enumeration by the state, and, there having been a state census in 1905, the tax in the borough of Brooklyn is to be regulated by such census, and not by the later United States census.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 91.*]

2. INTOXICATING LIQUORS (§ 91*)—EXCISE TAX—AMOUNT.

Laws 1897, c. 442, especially applicable to Greater New York, and its annexed territory, provided that cities containing a population of 1,500,-000 or more, formed by a consolidation of territory situate in one or more counties, shall continue to be assessed in the several portions of the territory so consolidated at the same rate as such taxes were assessed on December 31, 1897, in the several portions of the territory so consolidated. Laws 1903, c. 115, § 11, subd. 1, provides that, if the place where a liquor business is carried on is a city or borough having by the last census a population of 1,500,000 or more, the tax shall be $1,200, if in a city or borough having a population of less than 1,500,000, but more than 500,-000, the sum of $975, etc. Subdivision 7 provides that the excise tax assessed under the act in cities having a population of 1,500,000 or more formed by consolidation of territory in one or more counties shall be assessed in the several boroughs or portions of the territories consolidated at an advance of one-half in the rate over the amount at which taxes were assessed on December 31, 1902. *Held*, that in view of chapter 442, continued by Laws 1903, c. 115, the tax in Brooklyn is to be increased one-half over the amount at which such taxes were assessed on December 31, 1902, notwithstanding the uncertainty in the use of the word "borough" in subdivision 1.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 91.*]

Application of Hermann Ahlers for a writ of certiorari, commanding Maynard N. Clement and others to certify and return proceedings had relating to the refusal of William Watson, Special Deputy Commissioner of Excise, to issue a liquor tax certificate. Application granted.

Ashbel P. Fitch and Mott & Grant, for relator.
Herbert H. Kellogg, for respondent.
E. B. Barnum, for relator Nellis.

CRANE, J. Chapter 112, § 11, Laws 1896, provided for a tax on the business of trafficking in liquors to be drunk in the premises where sold, if the place be in a city having, by the last state census, a population of 1,500,000 or more, of the sum of $800; if in a city having by the last state census a population of less than 1,500,000 and more than 500,000, of the sum of $650. It likewise provided that, when the population of a city or village was not shown by the last state census, it should be determined by the last United States census, and, if not so shown, the State Commissioner of Excise was authorized and directed to cause an enumeration of the inhabitants to be taken.

This liquor tax law of 1896 was very plain and simple and inaugurated a system of taxation based upon the population as determined by the last state census, or, in the event of there being no state census applicable, then according to the last United States census or the enu-

meration of the Commissioner of Excise. This fundamental principle and scheme has been maintained through all the amendments and re-enactments of the liquor tax law from 1896 to date. In the liquor tax law (chapter 39, Laws 1909 [Consol. Laws, c. 34]) section 8 fixes the tax according to the last state census, while, under subdivision 8 of that section, the enumeration, if not shown by the latest state census, is to be determined by the latest United States census or by the enumeration made by the State Commissioner.

When the various outlying counties were consolidated in 1897 into the Greater City of New York, it was apparent that taxes could not be justly collected in the thinly populated country districts within that territory according to the population of the Greater City. Therefore chapter 442 of the Laws of 1897 was enacted to meet this condition. This enactment reads as follows:

" * * * Cities containing a population of fifteen hundred thousand or more, which are or shall be formed by the consolidation of territory situate in one or more counties, shall continue to be assessed in the several portions of the territory so consolidated to form such city, at the same rate as such taxes are assessed on the thirty-first day of December, eighteen hundred and ninety-seven, in the several portions of the territory so consolidated."

In 1900 by chapter 367, Laws 1900, a new clause was added to the above scheme of taxation (being an amendment to subdivision 7 of section 11 of chapter 312 of the Laws of 1897, which had been subdivision 4 of section 11 of chapter 112 of the Laws of 1896). It reads as follows:

"The amount of excise tax in every place in this state shall remain the same as assessed for the year eighteen hundred and ninety-nine, until changed by an enumeration authorized by the State Commissioner of Excise, or by an increase or decrease of population shown by a subsequent state or United States census, and such excise tax assessed in each place enumerated under this subdivision and assessed in each place where a change in the population is shown by the latest state or United States census shall be the same as that provided in subdivisions one, two, three and six of this section, for places containing the same population."

This clause has been continued in subdivision 8 of section 8 of chapter 89 of the Laws of 1909 (Consol. Laws, c. 34), and has caused the confusion which has arisen in this case. The Excise Commissioner claims that the last United States census is to regulate the tax in the borough of Brooklyn and has increased the amount from $975 to $1,200, as the last United States census shows the borough of Brooklyn to have a population of over 1,500,000. If the tax is to be measured by the state census according to subdivision 1 of section 8, the tax for Brooklyn would be $975, as, according to the state census taken in 1905, the population of the borough is under 1,500,000 and over 500,000.

In view of the fact that through all of the liquor tax laws the state census is made the basis for determining the population, and that it is expressly stated in Laws 1896, c. 112, § 11, subd. 4, and in Laws 1897, c. 312, § 11, subd. 7, and in Laws 1909, c. 39 (Consol. Laws, c. 34) § 8, subd. 8, that, where the population in any city is not shown by the last state census, it shall be determined by the last United States census, I am forced to the conclusion that the tax is to be regulated

by the population shown by the latest state census, and that the United States census is only applicable in the absence of an enumeration by the state. The clause above referred to, added in 1900 and now included in subdivision 8 of section 8 of chapter 39 of the Laws of 1909, (Consol. Laws, c. 34), providing that the excise tax shall remain the same until changed by an enumeration of the Excise Commissioner or by an increase or decrease of population shown by a subsequent state or United States census, must be interpreted to mean as shown by the United States census in the absence of a state census. If this be not so, why should subdivision 1 of section 8 fix the tax by state census and make no mention of any other standard, and why should subdivision 8, explaining how the enumeration is to be determined, specifically provide that, if there be no state census, resort may be had to the United States census? If this be so, the tax for the borough of Brooklyn, if controlled by subdivision 1 of section 8 of the liquor tax law, will be $975. But the amendments contained in chapter 442 of the Laws of 1897, above referred to and made specially applicable to the Greater City of New York and its annexed territory, was continued by chapter 115 of the Laws of 1903; the only change made being an increase in the tax of one-half over the amount at which such taxes were assessed on the 31st day of December, 1902. Under this provision, the increase for the borough of Brooklyn would make the tax $975. This same clause has been embodied in the liquor tax law of 1909, and is found in subdivision 8 of section 8, the phraseology being unchanged. This first enactment in 1897 was made applicable to the territory annexed to the Greater City, and I can see no reason for discarding such application now. Although some uncertainty is created by inserting the word "borough" in subdivision 1 of section 8, yet this special clause for the consolidated city must be given effect and is controlling for Brooklyn. Such was the meaning given to it in the case of People ex rel. Gress v. Hilliard, 85 App. Div. 507, 83 N. Y. Supp. 204.

I am asked to construe this liquor tax law contrary to the wording of the section, and in accordance with what is claimed to be the intent of the Legislature. A tax law should be clear and concise, and, if it were the intent of the Legislature to apportion the tax according to the United States census, there would be little difficulty in so stating. This the Legislature has not done, as I have attempted to show. It may be that wise legislation and the policy of the state regarding the liquor tax demands an increase for the borough of Brooklyn, but this is a matter for the law-making body, and not for the courts, which must apply the laws as they are with all their imperfections. The liquor tax law has frequently been amended, and, if the present statute is imperfect or inadequate, the incoming Legislature can provide the remedy. I determine the tax for the borough of Brooklyn to be $975, not $1,200, and the application of the relator is therefore granted.