THE PEOPLE ex rel. ANTONIO DELESANDRO, Petitioner, *v.* JESS HOVER, Sheriff of Broome County.

(Supreme Court, Broome Special Term, December, 1917.)

Liquor Tax Law, §§ 30-P, 37(1) — violation of — indictments — misdemeanor — fines — "Bone Dry Law" — Laws of 1917, chaps. 623, 814.

> One charged with a violation of section 30-P of the Liquor Tax Law, as amended by the "Bone Dry Law" (Laws of 1917, chaps. 623, 814), must be prosecuted by indictment and trial in a court of record as provided by section 37(1) of the Liquor Tax Law, though upon conviction he is punishable under section 36(2) of the Liquor Tax Law by a fine of not

more than $500, or by imprisonment in a county jail or penitentiary for a term of not more than one year, or by both such fine and imprisonment.

A Police Court, being a Court of Special Sessions, has no jurisdiction to render a judgment of conviction in such a case though defendant pleads guilty to the charge, and he must be discharged on habeas corpus.

WRIT of habeas corpus to inquire into the cause of detention of the relator in the Broome county jail.

Harrison & Clark, for petitioner.

U. S. Lyons, district attorney, for sheriff of Broome county.

DAVIS, J. The relator was convicted in the Police Court of the village of Endicott for a violation of subdivision P, section 30 of the Liquor Tax Law, as amended by chapters 623 and 814 of the Laws of 1917, commonly known as the " Bone Dry Law."

The particular charge against him was that on November 30, 1917, he brought into the town of Union, Broome county, two and one-half barrels of ale and two and one-half barrels of lager beer. Trafficking in liquors is prohibited in the town of Union by reason of the result of a vote on the questions submitted under the provisions of the Liquor Tax Law relating to local option.

It is claimed on behalf of the relator that, although he pleaded guilty to the charge before the police magistrate, the conviction is illegal because Courts of Special Sessions do not have jurisdiction of this crime.

There seems to be considerable doubt in the minds of many magistrates in similar courts as to whether or not they have jurisdiction in such cases. It is sometimes difficult for the lay mind to understand and interpret the somewhat complex and confusing pro-

visions of the Liquor Tax Law; and because it seems not to have been heretofore judicially determined, perhaps it would be in the public interest that the question of such jurisdiction should be plainly stated and settled in this or the appellate courts.

It is necessary to consult three different sections of the law to learn where jurisdiction lies. Section 37 provides, so far as it is applicable here, as follows: "1. Except as otherwise provided by this chapter, all proceedings instituted for the punishment of any violation of the provisions of this chapter, the penalties for which are prescribed in subdivisions one, two, three or four of section thirty-six, shall be prosecuted by indictment by the grand jury of the county in which the crime was committed, and by trial in a court of record having jurisdiction for the trial of crimes of the grade of felony. * * * 2. Courts of special sessions shall have exclusive jurisdiction to try and determine, according to law, all violations of the liquor tax law defined by subdivision five of section thirty-six as a misdemeanor. Any person convicted in a court of special sessions for violation of any of the provisions of this chapter shall be punished according to the provisions hereof."

Section 36, subdivision 2, provided, so far as is applicable here, as follows: " 2. Any person * * * who shall violate any of the provisions of section eight, nineteen, twenty, twenty-one, twenty-three, twenty-nine or thirty shall be guilty of a misdemeanor, and upon conviction therefor shall be punished by a fine of not more than five hundred dollars or by imprisonment in a county jail or penitentiary for a term of not more than one year, or by both such fine and imprisonment."

The relator, as already stated, was convicted of a violation of section 30, subdivision P. Therefore, the

penalty was prescribed in subdivision 2 of section 36 just quoted, and it was mandatory that his prosecution should be by indictment and by trial in a court of record, as provided by section 37, subdivision 1.

The Court of Special Sessions had no jurisdiction other than to conduct an examination and admit the relator to bail or to commit him to the custody of the sheriff if it appeared on such examination that there was sufficient cause to believe him guilty.

The judgment of the court convicting him was therefore invalid; and it needs a valid one lawfully to detain him. *People ex rel. Stokes* v. *Riseley,* 38 Hun, 280; *People* v. *Carter,* 48 id. 165.

Where there was no jurisdiction of the offense, the relator could confer none by consent or by his plea of guilty. *People ex rel. Lotz* v. *Norton,* 76 Hun, 7; 12 Cyc. 222.

It is undoubtedly more important to those charged with the duty of enforcing this law than it is to the relator in this instance, that such substantial violations of the law as admittedly occurred here be punished in courts having ample jurisdiction and power to impose all or any part of the somewhat severe penalties provided for such violations. The powers given to Courts of Special Sessions are limited. Code Crim. Pro. § 56. The intent of the legislature is clear that the enforcement of this law should not be interfered with by the lack of sufficient jurisdiction or by any other difficulties that beset the prosecution of crimes in Courts of Special Sessions, where conviction may mean serious punishment.

Because the Police Court had not jurisdiction to render final judgment of conviction and issue a valid commitment, the relator must be discharged.

Ordered accordingly.