## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

May 4, 1921.

## THE PEOPLE v. SAMUEL BAXTER.

(196 App. Div. 824.)

(1) MISDEMEANOR—ENDANGERING MORALS OF CHILD—CITY COURT OF PLATTSBURGH DOES NOT HAVE EXCLUSIVE JURISDICTION.

The City Court of Plattsburgh is possessed of all the powers conferred upon Courts of Special Sessions and has exclusive jurisdiction of such misdemeanors only as Courts of Special Sessions have.

(2) SAME—CODE CRIM. PROC., § 56.

Section 56 of the Code of Criminal Procedure, which confers exclusive jurisdiction on Courts of Special Sessions to hear and determine certain enumerated misdemeanors, does not enumerate the crime of endangering the morals of a child as defined by section 483 of the Penal Law, and, therefore, the City Court of Plattsburgh does not have exclusive jurisdiction of the prosecution for a violation of that section.

(3) SAME—PENAL LAW, §483.

The impairment of the morals of a child condemned by section 483 of the Penal Law cannot be characterized as cruelty to such child under subdivision 27 of section 56 of the Code of Criminal Procedure, conferring exclusive jurisdiction on Courts of Special Sessions.

(4) SAME—QUESTION OF EXCLUSIVE JURISDICTION CANNOT BE RAISED BY DEMURRER.

*It seems*, that the question whether the Court of Special Sessions had exclusive jurisdiction of the crime charged in the indictment could not be raised by demurrer.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the County Court of Clinton county, entered in the office of the clerk of the county of Clinton on the 12th day of January, 1921, sustaining defendant's demurrer to the indictment.

*Harold A. Jerry,* for the appellant.

*Jeremiah W. Davern,* for the respondent.

COCHRANE, J.:

The indictment charges the defendant under section 483 of the Penal Law with willfully causing an eight-year-old girl to be placed in such a situation that her morals were likely to be impaired. The crime thus charged is a misdemeanor. The defendant by his demurrer seeks to have it determined that the City Court of Plattsburgh, where the said misdemeanor is alleged to have been committed, has exclusive jurisdiction in respect thereto.

The charter of the city of Plattsburgh (Laws of 1902, chap.

269, §§ 25, 138) confers on the City Court of that city all the powers conferred upon Courts of Special Sessions and provides that it " shall be subject, in the exercise of such powers, to all provisions of law relating to Courts of Special Sessions." The charter does not confer on the City Court exclusive jurisdiction in respect to crimes except in those cases where exclusive jurisdiction is conferred on Courts of Special Sessions.

Section 56 of the Code of Criminal Procedure provides that subject to the power of removal therein specified Courts of Special Sessions, except as therein specified, have exclusive jurisdiction to hear and determine certain enumerated misdemeanors. It is conceded that such " power of removal " has not been exercised in the present case. In subdivision 27 of said section 56 there is specified " Cruelty to animals or children " as among the misdemeanors of which Courts of Special Sessions have exclusive jurisdiction. The question thus arises whether the impairment of the morals of a child condemned by section 483 of the Penal Law can be characterized as cruelty to such child under subdivision 27 of section 56 of the Code of Criminal Procedure.

The word " cruelty " as applied to animals is defined by section 180 of the Penal Law. No legal definition is given of the word as applied to children. In such a case the rule is that the words of a statute must be given their usually accepted significance unless their context or the language of the statute otherwise indicates. To say that the impairment of morals implies " cruelty " is an extension of the meaning of that word beyond what may ordinarily and reasonably be inferred from its common use or from the definition of lexicographers. The infliction of physical or mental pain or suffering is the idea naturally conveyed to the mind by the use of the term and it is only by a strained use of language if at all that a connection may be implied between such conduct as is charged in the indictment herein as constituting the impairment of a child's morals and cruelty to such child. The con-

duct may be worse than cruelty in its effect on the child and if so it constitutes an argument in favor of holding that it may be prosecuted by indictment rather than in a court of inferior jurisdiction. Neither do the law dictionaries so far as we have been able to discover in their definitions or descriptions of the term "cruelty" give any more comprehensive meaning thereto than as above indicated.

The respondent urges that certain accompanying sections of the Penal Law pertaining to children, noticeably sections 480 and 494, subdivision 5,* indicate the legislative intent to characterize the crime charged as cruelty to children, but we are unable to discover anything in the sections specified indicating that the term is used in any other than its ordinary sense. The impairment of a child's morals is a heinous offense not ordinarily to be placed in the same category with acts merely causing pain or suffering, and every intendment is and should be that a court of superior jurisdiction has authority to hear and determine such cases.

It should also be observed that in the case of People v. Knatt (156 N. Y. 302) it was held by a majority of the court that the question whether a Court of Special Sessions had exclusive jurisdiction of the crime charged could not be raised by demurrer. We have, however, preferred to dispose of the question on its merits.

The judgment should be reversed and the demurrer overruled.

All concur.

Judgment reversed and demurrer overruled.

---

* Added by Laws of 1910, ch. 699.—[Rep.

# NOTE ON § 483, PENAL LAW, ENDANGERING LIFE OR HEALTH OF CHILD.

The proprietor of a store who allows an infant under sixteen years of age to operate a machine which enables the player to obtain gum in proportion to the amount deposited in the machine, and also enables him to obtain a greater amount depending on the channel into which the coin falls, endangers the morals of the infant by allowing him to gamble. (People v. Stren, 146 N. Y. S. 852; People v. Nahmias, 146 N. Y. S. 856.)

The fact that the mother of an infant under sixteen gives her consent to his employment in a dangerous occupation does not prevent her from recovering damages for his death through the negligence of his employer, where other next of kin survive. (Stenson v. J. H. Flick Constr. Co., 146 App. Div. 66.)

The Court of Special Sessions of the City of New York has jurisdiction to try a person for violation of section 483, Penal Law, committed in the Bronx. (People v. Manett, 154 App. Div. 540.)

Where a person accused of a violation of section 483 is a police officer of New York City, and a conviction of the offense will result in his removal from the police force and forfeiture of his rights to payments from the police pension fund, he should be prosecuted by indictment. (People v. Willes, 59 Misc. 371.)

To justify a conviction for endangering the morals of a child by inducing him to steal, it is sufficient if it is shown (1) that defendant was instrumental in inducing him to steal and (2) that the infant was at the time actually or apparently under the age of sixteen. It is immaterial that the infant had previously stolen before being so induced. (People v. Myrenberg, 146 App. Div. 854.) But the testimony of the child should be corroborated. (People v. Saraceno, 150 App. Div. 786; People v. Donahue, 114 App. Div. 830.)

---

# SUPREME COURT — SPECIAL TERM — NEW YORK.

## May, 1921.

# THE PEOPLE EX REL. EDWARD SWANN v. THE COURT OF GENERAL SESSIONS.

### (115 Misc. 454.)

(1) PRACTICE—SUPREME COURT MAY BY EX PARTE ORDER REMOVE FOR TRIAL AN INDICTMENT FOUND IN ANOTHER COURT.

The Supreme Court by an order made *ex parte* may remove to that court for trial an indictment found in the Court of General Sessions of the city and county of New York, and an application for a writ of