THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR C. SMITH v. WARREN McCLELLAN, Warden of the Westchester County Penitentiary.

Supreme Court, Westchester County, September 6, 1928.

——————— ———————, for motion.

——————— ———————, opposed.

GEORGE H. TAYLOR, JR., J. The relator is detained by virtue of a judgment of the County Court of Nassau county, rendered May 29, 1928, convicting the defendant of the crime of omission of duty, which concededly is a misdemeanor. (Penal Law, § 1857.) He was sentenced to serve a term of ten months. The relator contends in effect that the said judgment was not rendered by a court of competent jurisdiction; that the grand jury which indicted him was without jurisdiction to find, and that the County Court was absolutely lacking in jurisdiction to try, the indictment which preceded his conviction; that the judgment of conviction was legally void; that his detention by the respondent is illegal, and that the relator's discharge should be ordered. Concededly (1) the alleged crime, (2) a misdemeanor, (3) was committed in Freeport, Nassau county, (4) a village of the first class within the provisions of the Village Law, (5) which village has a police magistrate holding office and authorized to hold a Court of Special Sessions, which magistrate was duly sitting and in office at the time of the defendant's indictment, his trial, conviction, sentence and commitment here in question. Concededly, also, (7) no process of any kind was issued against relator from any court other than the said County Court, and (8) there was no certificate of removal to the County Court (Code Crim. Proc. § 57), and finally (9) the relator did not heretofore raise, by motion upon his trial or in arrest of judgment thereafter, or in any other way, the point of lack of jurisdiction of the County Court. The relator's contention, reduced to its lowest terms, is (a) that the said police justice of Freeport, authorized to hold a Court of Special Sessions therein and having " in the first instance exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village, subject to the right of removal, as provided by the Code of Criminal Procedure, to a court having authority to inquire by intervention of a grand jury into offenses committed within the county," had *exclusive* jurisdiction to deal with the defendant for his alleged offense, in the conceded situation; (b) that the County Court was wholly lacking in jurisdiction because of the conceded absence of the said certificate of removal, and (c) that although the relator, by motion in arrest of judgment or in any

other way, upon the criminal prosecution, omitted to urge lack of jurisdiction, he is entitled to raise it now in habeas corpus proceedings, which he asserts present the proper remedy still available to him. The contention of the learned district attorney to the effect that the relator is legally detained, appears to be based at least in part upon the failure of the relator to take the point of lack of jurisdiction in the criminal prosecution. As far as is germane to this inquiry, the jurisdiction of the County Court is conferred by the Code of Criminal Procedure (§ 39, subd. 1), which, relating to courts, including the County Court in question, reads:

" § 39. Jurisdiction. The County Courts embraced in this chapter have jurisdiction:

" 1. To inquire by the intervention of a grand jury of all crimes committed or triable in the county; *but in respect of such minor crimes, as courts of special sessions or police courts have exclusive jurisdiction to hear and determine, in the first instance, the jurisdiction of the county court attaches only after the certificate mentioned in section fifty-seven of this code.*" (Italics mine.)

There are numerous misdemeanors enumerated in sections 56 and 56-a of the Code of Criminal Procedure, of which " minor crimes " exclusive jurisdiction is in the first instance and subject to the power of removal, in the Courts of Special Sessions; but the crime of which the relator was convicted (Penal Law, § 1857) *is not embraced in said minor crimes listed in section 56.* Therefore, in the absence of other legislation bringing the crime of the relator within the category of the minor crimes listed in section 56, the County Court of Nassau county would have jurisdiction of him and his offense in the conceded situation here existing. (Code Crim. Proc. §§ 39, subd. 1; 56, 56-a and 57.) The relator claims that the Village Law (§ 182, as amd. by Laws of 1927, chap. 650) is such other legislation efficient to confer such exclusive jurisdiction upon the Court of Special Sessions at Freeport; and that, in the conceded absence of the certificate of the county judge or a Supreme Court justice, as contemplated in section 57 of the Code, the County Court was wholly without jurisdiction. It should be noted in passing that the certificate is *only* issuable in cases of misdemeanor specified in section 56, *of which the defendant's offense (Penal Law, § 1857) is not one.* The Village Law (§ 182, as amd. by Laws of 1927, chap. 650) provides:

" § 182. Criminal jurisdiction of village police justice. The police justice of a village may hold a court of special sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village subject to the right of removal, as provided by the

code of criminal procedure, to a court having authority to inquire by the intervention of a grand jury into offenses committed within the county. Such police justice shall have exclusive jurisdiction to take the examination of a person charged with the commission in such village of a felony and also to hear, try and determine charges against a person of being a vagrant or disorderly person within such village, or of having committed disorderly conduct therein; and to take such proceedings in either of such cases as may be taken by a justice of the peace, or magistrate with all the powers and subject to all the duties and liabilities of same. Such police justice shall have all the power and authority, and be subject to all the duties and liabilities, of a justice of the peace in issuing warrants for the arrest of a person charged with the commission of a crime or disorderly conduct, in a county including any portion of such village, but if the offense is charged to have been committed outside of the village, the person arrested by such process shall be taken before another magistrate of the town in which such offense is charged to have been committed, and the papers upon which such process was issued shall be delivered to him, who shall proceed thereon as though such warrant had been issued by him upon such papers. A person arrested upon a criminal warrant issued by a justice of the peace upon a charge of committing a crime or an offense of a criminal nature within a village shall be taken before the police justice of such village, and the papers upon which the process was issued delivered to him, who shall proceed thereon as though such warrant had been issued by him upon such papers. The term ' proceeding ' as used in this article also includes a special proceeding of a criminal nature."

Does the quoted section take away the jurisdiction which clearly the County Court otherwise has over relator and his offense (Penal Law, § 1857; Code Crim. Proc. §§ 39, subd. 1; 56 and 57)? I answer in the negative for the following reasons which occur to me:

(a) There is no express provision of section 182 which deprives the County Court of jurisdiction; as to such court, which is a court of record, its jurisdiction is presumed to exist unless it is attacked and the contrary proven. (*Aldridge* v. *Walker*, 73 Hun, 281; *People* v. *Bradner*, 107 N. Y. 1; *People ex rel. Forsyth* v. *Court of Sessions of Monroe County*, 141 id. 288.) (b) Section 182 in its several provisions conferring such " exclusive jurisdiction " of the police justice authorized to hold a Court of Special Sessions, clearly contemplates a police justice whose jurisdiction is exclusive only *as far as justices of the peace "of a town including any part of the village " are concerned;* this is plain also from a reading of the context of sections 180 and 181 of the Village Law, which relate

also to the exclusive jurisdiction of police justices, as far as justices of the peace are concerned; in construing statutes, that sense should be adopted which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the Legislature (*President, etc., of Manhattan Company* v. *Kaldenberg,* 165 N. Y. 1); the intent of the Legislature is the object of all construction. (*People ex rel. Gress* v. *Hilliard,* 85 App. Div. 507; affd., 176 N. Y. 604.) (c) Section 182 in its relevant clause providing for exclusive jurisdiction of charges of any misdemeanors, does not contemplate the crime here involved of omission of duty (Penal Law, § 1857); it contemplates only " charges of any misdemeanor " as to which a certificate of removal is in order, namely, the minor crimes enumerated in the Code of Criminal Procedure (see §§ 56 and 57); and as previously shown, the misdemeanor here involved is not one of such minor crimes.

This case to my mind is not distinguishable in principle from *People* v. *McDonald* (26 Hun, 156) in which the court discussed provisions of the charter of Hornellsville and the jurisdiction of the police justice and justices of the peace respectively, and said (p. 158):

" I entertain no doubt but that the provisions of the charter of Hornellsville take away from the justices of the peace of said town the power to issue process for the arrest of persons charged with crime committed in said village, and to examine them in reference to said charge, and vest the power exclusively in the police justice. But it does not necessarily follow that the power to arrest, try and punish persons found guilty of crime within said village is taken from the Court of Sessions of the county of Steuben.

" No reason is perceived why a court of general criminal jurisdiction, proceeding according to the course of the common law, should be deprived of the power to hear, try and determine concerning all offences committed within its county. At all events it should not be held to be deprived of its jurisdiction unless the intention to do so is clearly manifest.

" It may well be that the power referred to should be taken from justices of the peace and courts of special sessions, but no reason is perceived why it should be taken from the Court of General Sessions." (Read, also, the opinion of HARDIN, J., in *People* v. *McDonald, supra,* 158–161.)

I agree with the learned counsel for the relator that the relator may have an inquiry upon writ of habeas corpus as to the power of the court convicting him to pronounce the judgment. (*People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46, 52; Civ. Prac. Act, § 1252, subd. 2; *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110, 116.) This

is subject, however, to the truism that " the presumption in favor of jurisdiction being one of fact, may be rebutted, although when jurisdiction depends on the existence of a certain fact and the court has found the fact, the fact stands until reversed upon direct review." (VANN, J., in the *Scharff Case, supra.*) VANN, J., continuing, said: " Subject to this restriction any fact showing that the court was without jurisdiction to render the judgment may be proved by common-law evidence in a proceeding under the Habeas Corpus Act." (198 N. Y. 116, citing *People ex rel. Frey* v. *Warden, etc.*, 100 id. 20, 24; *People ex rel. Sinkler* v. *Terry*, 108 id. 1, 11.) In the instant case the record of the trial demonstrates that there was no litigation over the question of the court's jurisdiction; as far as that record is concerned, it seems that the County Court's jurisdiction in effect was conceded. In my opinion, the ruling in the case of *People* v. *Knatt* (156 N. Y. 302) is in no respect inconsistent with the proposition that the validity of relator's detention may be tested in a habeas corpus proceeding, notwithstanding that the question of jurisdiction was not litigated upon his trial; for in the *Knatt* case there was not " utter lack of jurisdiction " in the court pronouncing judgment. Here the relator claims, although I rule against him in that regard, that there was utter lack of jurisdiction.

I determine (1) that the remedy of habeas corpus is available to the relator and is his proper remedy to test the question of alleged utter lack of jurisdiction of the County Court; (2) that the County Court had jurisdiction, and judgment of conviction of the defendant for a misdemeanor (Penal Law, § 1857) rendered by the County Court of Nassau county, pursuant to which he is now detained, was rendered by a competent tribunal of criminal jurisdiction (Civ. Prac. Act, § 1252, subd. 2); (3) that the relator's detention is lawful, and (4) that he is not entitled to be discharged.

I have not overlooked the ingenious, learned and plausible suggestion of relator's counsel that the Village Law (§ 182, as amd. by Laws of 1927, chap. 650), in effect July 1, 1927, is so broad in its terms as to deprive the County Court of jurisdiction in the instant case. The amended section, however, in its first sentence which is here immediately relevant, must still be read in the light of the context consisting of the balance of the section, and as well sections 180 and 181, so as to carry out harmoniously the obvious intention of the Legislature above indicated. If section 182 is thus read, the County Court is not ousted of its jurisdiction as it existed before said amendment.

The writ of habeas corpus is dismissed and the relator remanded to the present custody.