THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK KRAFT, Defendant.*

Supreme Court, Broome County, January 14, 1930.

*George H. Andrews,* for the plaintiff.

*Frederick E. Hawkes,* for the defendant.

* Appeal dismissed, 229 App. Div. 281.

RHODES, J. The defendant is charged with maintaining a public nuisance and thereby violating section 1530 of the Penal Law, the proceeding having been brought before Clarence W. McCray, police justice of the village of Waverly, N. Y., who has held the defendant for trial in said Court of Special Sessions. Defendant now moves for a certificate of removal. The offense with which the defendant is charged is a misdemeanor, and the punishment therefor is imprisonment in a penitentiary or county jail not exceeding one year or a fine of $500, or both. The defendant insists that the said Court of Special Sessions has no jurisdiction to try the offense and further insists that if such court has jurisdiction, this court, in the exercise of sound discretion, should direct that the charge be investigated through the intervention of a grand jury. It was held in *People* v. *Belle* (131 Misc. 610) that the jurisdiction of a Court of Special Sessions held by a police justice is exclusive in all misdemeanors. The contrary was held in *People ex rel. Smith* v. *McC⁷ellan* (133 Misc. 280) wherein the court determined that the County Court had jurisdiction of the misdemeanor set forth in section 1857 of the Penal Law, such offense being the charge of an omission of duty by a public officer. Section 74 of the Code of Criminal Procedure, concerning Police Courts, provides as follows: " Police justices have such jurisdiction, and such only, as is specially conferred upon them by statute. The courts held by police justices are called police courts, and courts of special sessions are also called police courts, and are so designated in different parts of the Code." Section 182 of the Village Law (as amd. by Laws of 1927, chap. 650) provides in part as follows: "The police justice of a village may hold a court of special sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of any misdemeanor committed within such village subject to the right of removal, as provided by the code of criminal procedure, to a court having authority to inquire by the intervention of a grand jury into offenses committed within the county." Section 22 of the Code of Criminal Procedure provides, in part, as follows: " The supreme court has jurisdiction: 1. To inquire, by the intervention of a grand jury, of all crimes committed or triable in the county; but in respect of such minor crimes as courts of special sessions or police courts have exclusive jurisdiction to hear and determine, in the first instance, the jurisdiction of the supreme court attaches only after the certificate mentioned in section fifty-seven of this Code." Section 39 of said Code contains an identical provision conferring jurisdiction upon County Courts. Section 56 of said Code confers upon Courts of Special Sessions, in the first instance, exclusive

jurisdiction subject to the power of removal as to certain misdemeanors specified therein. By subdivision 38 of said section 56 the Court of Special Sessions has jurisdiction to try other misdemeanors if the accused should elect to be tried in such court but such court has no such power in case the misdemeanor is punishable by a fine exceeding fifty dollars or by imprisonment exceeding six months. There is, perhaps, no valid logic for the arbitrary distinction separating the class of misdemeanors of which a Court of Special Sessions has exclusive jurisdiction subject to the power of removal, and the class of misdemeanors of which a Court of Special Sessions has no jurisdiction. Some of the misdemeanors enumerated of which a Court of Special Sessions has jurisdiction subject to the power of removal are punishable by imprisonment or fine in excess of the punishments for offenses of which said court has no jurisdiction, but whatever the reason or lack of reason therefor, the Legislature has established such a differentiation in so far as the jurisdiction of Courts of Special Sessions in general is concerned. The question is whether the Legislature, by section 182 of the Village Law, has enlarged the jurisdiction of a Court of Special Sessions held by a police justice in a village. The confusion has resulted because the section provides that such Court of Special Sessions held by such police justice shall have, in the first instance, exclusive jurisdiction to determine charges of " *any* misdemeanor committed within such village subject to the right of removal, as provided by the code of criminal procedure." I agree with the reasoning of Mr. Justice TAYLOR in *People ex rel. Smith* v. *McClellan* (*supra*), that the exclusive jurisdiction referred to in the section refers to jurisdiction exclusive of any other justice of the peace who might otherwise have jurisdiction, and that the section has not enlarged the jurisdiction of a police justice as to particular misdemeanors. I can discover no good reason why a police justice holding a Court of Special Sessions should have greater jurisdiction than any other Court of Special Sessions, and there is nothing evidencing any such legislative intent. As pointed out in the opinion in the *McClellan* case, there may be good reason why the jurisdiction of Courts of Special Sessions should be limited, but no reason appears for such limitation of the jurisdiction of the Supreme Court and the County Court. In any event, the statute confers upon the Supreme Court and County Court jurisdiction of all crimes and misdemeanors except as to those enumerated wherein the Special Sessions courts have exclusive jurisdiction subject to the right of removal. The offense with which the defendant is charged is not one of the enumerated misdemeanors as to which the right of removal is provided, and it seems to me, therefore, that the Supreme

Court has jurisdiction and that such jurisdiction has not been conferred upon the Court of Special Sessions held by the police justice of the village of Waverly.

The defendant's motion is, therefore, denied upon the ground that the said Court of Special Sessions has no jurisdiction of the offense with which defendant is charged, and that such offense can only be inquired into by the intervention of a grand jury.