THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN HENRIES and Another, Defendants.

Supreme Court, Ontario County, March 20, 1930.

*Nathan D. Lapham, District Attorney*, for the plaintiff.

*Edward P. Murphy*, for the defendants.

KNAPP, J. On the 20th day of February, 1930, the defendant Harold J. Craugh was arrested by a police officer of the city of

Geneva, N. Y., charged with a violation of section 1530 of the Penal Law of the State of New York, the charge being that he was maintaining a public nuisance.

He was arraigned in the City Court of the city of Geneva. The charge was read to him by the presiding judge of that court. He was advised that he was entitled to a trial by jury. The defendant appeared specially upon his arraignment and objected to the jurisdiction of the City Court of Geneva to hear and try him upon the charge laid against him, claiming that the crime charged against him was one in which he was entitled to have the same presented to a grand jury of the county of Ontario, and, if indicted, to be prosecuted under such indictment. The petition of the defendant Craugh shows that the objection of the defendant to the jurisdiction of the court was denied, and he was ordered to prepare for trial. Said defendant procured an order to show cause for an injunction returnable before a Special Term of this court in the city of Rochester on the 15th day of March, 1930, and all proceedings on the part of the City Court of the city of Geneva were stayed until the hearing and determination of such motion.

The question, therefore, presented to this court for determination may be briefly stated as follows: Did the City Court of the city of Geneva have exclusive jurisdiction to hear, try and determine the commission of a crime under section 1530 of the Penal Law of the State of New York, such crime being there charged as the maintaining of a public nuisance? Or could such crime therein charged be prosecuted only by indictment?

A discussion as to the jurisdiction of Courts of Special Sessions may be helpful.

Courts of Special Sessions have exclusive jurisdiction to hear, try and determine those crimes set forth in section 56 of the Code of Criminal Procedure, subject only to the power of removal as provided in sections 57 and 58 of the Code of Criminal Procedure. An examination of the different crimes set forth under section 56 of the Code of Criminal Procedure will disclose that not all misdemeanors are included therein. The maintaining of a public nuisance under section 1530 of the Penal Law is a misdemeanor that is not included within the express provisions of section 56 of the Code of Criminal Procedure.

Title 1 of part 5 of the Code of Criminal Procedure (§§ 699–740-c) relates to the procedure in Courts of Special Sessions in the counties of this State other than the county of New York.

The punishment that may be administered by a Court of Special Sessions is limited to a fine not exceeding fifty dollars or by imprison-

ment not to exceed six months or by both. (Code Crim. Proc. § 717.)

The punishment provided for a misdemeanor not otherwise provided for is not to exceed one year in jail or penitentiary or a fine not to exceed $500. (Penal Law, § 1937.) The punishment for the crime of maintaining a public nuisance is not otherwise specially provided for.

The crime charged here is not a crime that a Court of Special Sessions as such would have exclusive jurisdiction of. *First,* because it is not within the provisions of section 56 of the Code of Criminal Procedure, and, *second,* because the punishment that could be inflicted upon conviction for that crime is beyond the punishment permitted to be imposed by a Court of Special Sessions.

The question is raised, however, that the provisions of the charter of the city of Geneva grant to the City Court of that city greater jurisdiction in cases of misdemeanors than is granted to Courts of Special Sessions under the Penal Law and the Code of Criminal Procedure of this State and that, therefore, under the particular charter provisions of that city, the City Court of the city of Geneva has exclusive jurisdiction to hear, try and determine the crime charged herein. This question requires a careful examination of the charter provisions of the city of Geneva.

So much of the charter of the city of Geneva as is pertinent here reads as follows:

" § 102. Jurisdiction in criminal cases. ° The city judge in all criminal actions and proceedings and special proceedings of a criminal nature, for or on account of offenses committed or charged to have been committed within the city, shall have jurisdiction and authority to try all persons brought before him accused of any crime of the grade of misdemeanor or of a less degree, and shall have all the jurisdiction and authority which a justice of the peace of a town would have if such offense were committed or charged to have been committed in the town, including bastardy proceedings. The city judge shall have all the power and jurisdiction in proceedings respecting bastardy conferred upon one or more magistrates by chapter one of title five of the code of criminal procedure, and it shall not be necessary for the city judge to associate with himself another magistrate in such proceedings. And the city court shall possess and exercise all the powers conferred upon courts of special sessions, and shall be subject, in the exercise of such powers, to all provisions of law relating to courts of special sessions, except as herein otherwise provided, and upon a conviction in said court for any misdemeanor the same sentence may be imposed as might be imposed were such conviction had in a county court   *   *   *." (Laws of 1897, chap. 360, as amd. by Laws of 1910, chap. 560, § 17.)

The powers of courts of statutory origin will be strictly limited to the exact literal meaning of the words used in the statute, holding them to the precise limits of jurisdiction prescribed by law; but liberality is used in reviewing their proceedings. (*Friedberger* v. *Stulpnagel*, 59 Misc. 498; *Handshaw* v. *Arthur*, 9 App. Div. 175; affd., 161 N. Y. 664; *Ahern* v. *National S. S. Co.*, 3 Daly, 399.)

Police justices have such jurisdiction and such only as is specially conferred upon them by statute. The courts held by police justices are called Police Courts, and Courts of Special Sessions are also called Police Courts. (Code Crim. Proc. § 74.)

Section 102 of the charter of the city does not provide that the city judge of the city of Geneva shall have exclusive jurisdiction as to matters therein stated.

The County Court of the county of Ontario has jurisdiction to inquire by the intervention of a grand jury of all crimes committed or triable in the county, except as to such minor crimes as Courts of Special Sessions have exclusive jurisdiction to hear and determine in the first instance. (Code Crim. Proc. § 39.)

There is no express provision of section 102 of the charter of the city of Geneva which deprives the County Court of jurisdiction. Such court being a court of record, its jurisdiction is presumed to exist unless it is attacked and the contrary proven. (*People ex rel. Forsyth* v. *Court of Sessions*, 141 N. Y. 288; *People* v. *Bradner*, 107 id. 1; *People ex rel. Smith* v. *McClellan*, 133 Misc. 280.)

In construing statutes that sense should be adopted which harmonizes best with the context and promotes in the fullest manner the apparent policy and object of the Legislature. (*Manhattan Company* v. *Kaldenberg*, 165 N. Y. 1.)

It is the object of all interpretation and construction of statutes to ascertain the intention of the lawmakers and this is generally accomplished by literal reading of the words used. (*People ex rel. Twenty-third Street Railway Company* v. *Commissioner of Taxes, etc.*, 95 N. Y. 554; *People ex rel. Gress* v. *Hilliard*, 85 App. Div. 507.)

While the language used in different charter provisions upon the same subject-matter is different it may not be amiss to discuss a few provisions of charters or laws that have similarity in some relation at least to the question here involved.

Section 138 of the charter of the city of Plattsburg (Laws of 1902, chap. 269), which provides for jurisdiction of the city judge of that city in criminal cases, recites that " all violations of the laws and ordinances of the city, and all other offenses of the grade of misdemeanor under the laws of the state " the city judge of that city had jurisdiction of. In the case of *People* v. *Baxter* (196 App. Div. 824) the court, in construing this provision of the charter of the

city of Plattsburg, held that the charter did not confer on the City Court exclusive jurisdiction in respect to crimes, except in those cases where exclusive jurisdiction is conferred on Courts of Special Sessions. The case of *People ex rel. DeLesandro* v. *Hover* (101 Misc. 646) was a prosecution under subdivision P of section 30 of the Liquor Tax Law, as amended by chapters 623 and 814 of the Laws of 1917. That statute (§ 37, subd. 2) provided that " Courts of special sessions shall have exclusive jurisdiction to try and determine according to law, all violations of the liquor tax law defined by subdivision five of section thirty-six as a misdemeanor." The court held that the Court of Special Sessions had no jurisdiction other than to conduct an examination and commit the relator to jail or to commit him to the custody of the sheriff if it appeared on such examination that there was sufficient cause to believe him guilty.

Section 182 of the Village Law (as amd. by Laws of 1927, chap. 650) provides that the police justice of a village may hold a court of special sessions therein and shall have in the first instance exclusive jurisdiction to hear, try and determine charges of *any* misdemeanor committed within such village, subject to the right of removal as provided by the Code of Criminal Procedure to a court having authority to inquire by the intervention of a grand jury into offenses committed within the county. This provision of the Village Law has been the subject of several court decisions. In *People ex rel. Smith* v. *McClellan* (*supra*) the defendant was charged with the crime of omission of duty, a violation of section 1857 of the Penal Law. The case was prosecuted by indictment by the County Court of Nassau county and the defendant was convicted. The defendant sued out a writ of habeas corpus, claiming that the crime for which he was convicted was improperly tried in the County Court of Nassau county under an indictment, and that the police justice of the village of Freeport, a village of the first class, had exclusive jurisdiction under the General Village Law to try and punish the offense. The court in that case, construing section 182 of the General Village Law, in part above quoted, providing for exclusive jurisdiction on charges of *any* misdemeanor, held that it did not contemplate the crime here involved of omission of duty; that it contemplated only charges of *any* misdemeanor as to which a certificate of removal might be granted. In the case of *People* v. *Kraft* (135 Misc. 585) the defendant was charged with maintaining a public nuisance, the same crime charged here. The defendant was arraigned before a police justice of the village of Waverly, a village under the General Village Law. The defendant was held for trial in the Court of Special Sessions. The defendant moved for a certificate of removal, the defendant insisting that a Court of Special Sessions had no juris-

diction to try the offense, and further insisting that if such court had jurisdiction, a certificate should be granted. The court in an exhaustive opinion agreed with the reasoning of the opinion in *People ex rel. Smith* v. *McClellan* (*supra*) and again held that the apparent exclusive jurisdiction granted to police justices under the General Village Law did not extend to misdemeanors not covered by section 56 of the Code of Criminal Procedure. In the Fourth Department of the Appellate Division in the case of *People* v. *Corbin* (227 App. Div. 840), in which the defendant was, as here, charged with the crime of maintaining a public nuisance, and in which defendant was prosecuted by indictment and convicted, the question was raised both by the defendant and by the district attorney in their briefs as to whether or not such a crime was properly prosecuted by indictment or whether the police justice of the village of Warsaw had exclusive jurisdiction. The Appellate Division affirmed the judgment of conviction, thereby apparently approving of the statement that such an offense was properly prosecuted by indictment.

In section 102 of the charter of the city of Geneva the language used conferring jurisdiction upon the city judge to try all persons brought before him accused of *any* crime of the grade of misdemeanor or of a less degree is no more plain nor direct than the language of the General Village Law, or of the charter to which I have referred. Section 102 of the charter also provides that the city judge has all the jurisdiction and authority which a justice of the peace of a town would have if the offense were committed within the boundaries of such town and that the City Court shall possess and exercise all the powers conferred upon Courts of Special Sessions and be subject in the exercise of such powers to all provisions of law relating to Courts of Special Sessions. It is true that this provision of the charter enlarged the sentence that might be imposed upon one convicted of a misdemeanor so that the city judge would have the same power to administer a sentence coequal with the County Court. Considering the decisions in the *McClellan* and *Kraft* cases and for the reasons stated in the opinions in those two cases, I am inclined to the belief that this offense, not being one provided for by section 56 of the Code of Criminal Procedure, is not triable in the City Court of the city of Geneva, but is one of those misdemeanors that can only be prosecuted by an indictment.

If the jurisdiction of the County Court of the county of Ontario, as the same relates to crimes, is to be limited, limitation must be done by language that is plain, simple and direct. The courts will not limit the jurisdiction of a court of record by language that is either ambiguous or confused.

An appropriate order may be prepared and entered.