JAMES THOMAS, Respondent, v. HAROLD McFARLIN, Appellant.

County Court, Monroe County, January 2, 1940.

Robert W. Lochner, for the appellant.

Stone & Hoffenberg [George J. Hoffenberg of counsel], for the respondent.

VAN DUSER, J.   In this action plaintiff, a part-time special game protector, seeks damages from the defendant, chief of police of the town of Irondequoit, N. Y.   The action is based on an alleged assault which the plaintiff asserts occurred in the town of Irondequoit on or about August 17, 1937.

The defendant has consistently contended that the City Court of Rochester is without jurisdiction to try the issues presented. It, therefore, becomes necessary to dispose of this contention in the first instance.

The City Court of Rochester is a court of limited jurisdiction. It has only such jurisdiction and powers as have been " expressly " conferred upon it by the Legislature of the State of New York, by whose action the court was created.   (*People* v. *Kraft*, 229 App. Div. 281; *People ex rel. Folk* v. *McNulty*, 256 id. 82; *People* v. *Mittleman*, 150 Misc. 394; *People* v. *Henries*, 136 id. 224; *People* v. *Berberrich*, 20 Barb. 224; *Rohssler* v. *Rohssler*, 120 Misc. 569.)

Mr. Justice CLYDE W. KNAPP, writing in *People* v. *Henries* (136 Misc. 224), says (at p. 227): " The powers of courts of statutory origin will be strictly limited to the exact literal meaning of the words used in the statute, holding them to the precise limits of jurisdiction prescribed by law."

The jurisdiction of City Court is set forth in section 488 of the Charter of the City of Rochester (Laws of 1907, chap. 755, as amd. by Laws of 1918, chap. 495, and Laws of 1922, chap. 483), which provides, among other things, as follows:

" The City Court has jurisdiction in the following actions and proceedings and criminal proceedings:

" 1. All civil actions and proceedings cognizable by law by justices of the peace or Justices' Courts as set forth in and prescribed by the Justice Court Act."

Section 521 of the charter provides that the provisions of the Justice Court Act apply to the City Court and the judges thereof, and for the purposes of applying such provisions, " the court is

deemed a Justice's Court; each judge thereof is deemed a justice of the peace; and the city of Rochester is deemed a town of Monroe county."

Turning then to the Justice Court Act, we find that by section 2 of article 1 a justice of the peace has the jurisdiction " expressly conferred upon him by statute " and " no other." Section 3 of the same article sets forth the civil actions as to which a justice of the peace has jurisdiction. Nowhere in that section do we find any jurisdiction " expressly conferred," nor even mentioned, of an action to recover damages for assault, but, on the contrary, by section 4 of the same article it is specifically provided that a justice of the peace cannot take cognizance of a civil action: " 3. Where the action is to recover damages for an assault, battery."

It is evident, therefore, that a justice of the peace has no jurisdiction of an assault action, and it necessarily follows that the City Court of Rochester has no jurisdiction of such a civil action, unless somewhere else in the act creating the City Court there is " expressly conferred " upon it such a power. A careful examination of the section of the charter discloses no such express authority or power conferred.

It is contended by the plaintiff, however, that such authority is conferred by reason of subdivision 5 of section 488 of the charter, read in connection with section 37-a of the General Construction Law.

Subdivision 5 of section 488 of the charter confers jurisdiction upon the City Court of " An action to recover damages for a personal injury or an injury to real or personal property or for the conversion of personal property, where the sum claimed does not exceed three thousand dollars, exclusive of costs."

Section 37-a of the General Construction Law provides: " ' Personal injury ' includes libel, slander, criminal conversation, seduction and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury to the person either of the plaintiff, or of another."

Notwithstanding the conclusion reached that the City Court has no jurisdiction of an assault action because no such jurisdiction has been " expressly conferred," if not " expressly " denied, it would seem that section 37-a of the General Construction Law, above referred to, likewise fails to support plaintiff's contention, in the light of section 110 of the same law. Section 110 provides that the provisions of the General Construction Law are applicable to every statute " unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter."

Without section 110, section 37-a of the General Construction Law might apply. But certainly, giving full force and effect to and applying section 110 of the General Construction Law, we do not see how any such a construction as the plaintiff contends for can be given in this situation. To hold otherwise would be to ignore the rule, to which we referred at the outset, that a court of limited jurisdiction has only such powers as are " expressly conferred," and, as stated by Judge KNAPP in *People* v. *Henries* (*supra*), " the powers of courts of statutory origin will be strictly limited to· the exact literal meaning of the words used in the statute, holding them to the precise limits of jurisdiction prescribed by law."

It has been further argued that the provisions of section 4 of article I of the Justice Court Act are not binding upon the City Court of Rochester because in statutes creating similar courts in other cities, in conferring jurisdiction of actions for personal injuries, there are expressly excepted certain actions, some of which are contained in the provisions of section 4. In support of that contention reference has been made to the act creating the Albany City Court (Laws of 1931, chap. 414, § 10) and the Municipal Court Act of New York (Laws of 1902, chap. 580, § 14). An examination of these statutes, however, discloses that there is no reference to, nor is there contained therein, any provision which refers to actions and proceedings " cognizable by law by justices of the peace or Justices' Courts as set forth in and prescribed by the Justice Court Act " as is contained in the above-quoted section of the act creating the City Court of Rochester. Moreover, as we have pointed out, section 521 of the City Charter provides that the provisions of the Justices' Court Act do apply, except where there is inconsistency. No inconsistency has been pointed out nor does any appear here.

In view of the conclusion thus reached that the City Court of Rochester has no jurisdiction of a civil action of assault, it does not seem necessary to discuss the other questions raised on this appeal.

The judgment of the City Court of Rochester, Civil Branch, is reversed and the complaint dismissed, with thirty dollars costs.

Submit order.